IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD TRAINER, GLEN BEATTY, WAYNE TODD, JOHN ARMSTRONG, KIRK BASKO, WILLIAM BLANEY, COREY BRANDEBURA, JUSTIN BROWN, WILLIAM BURNS, DAVID CAPP, CHRISTIAN CLAYTON, DONALD DEWITT, TONY D'IGNAZIO, GLEN DUDICZ, ALAN DUNN, ROBERT ENGLISH, JIM FISHER, PATRICK FONTANA, SABLE GRIEDEL, CHAD HARRIS, JARED HERGENROEDER, ZACHARY HOHMAN, CHAD JENKINS, DAVID LEATHERS, STERLING LONG, KENNETH LUFFY, KEVIN MALONEY, GENE MARNELL, JEFFREY MARZOLE, HENTON MATHIS, JOH MCNALLY, MATTEW MEIER, HARRY POKORA, PATRICK POMFRET, JAMES POWERS, RANDY ROSAK, MATT STEFANYAK, LANCE TACIK, BRADLEY TINGLER, BEN TRANCHINI, GEORGE VEREB, JAMES WELLINGTON, WILLIAM WOLFE, BILL ZANE, WILLIAM PLANITZER, FREDERICK REED and JOHN RUNSKI, | Civil Action<br><br>No. 2:23-cv-01237-MRH<br><br>**JURY TRIAL DEMANDED** |

    Plaintiff,

        v.

**WEST PENN ALLEGHENY HEALTH SYSTEM, INC.** and **ALLEGHENY HEALTH NETWORK,**

    Defendants.

## AMENDED CLASS ACTION COMPLAINT

Plaintiffs RICHARD TRAINER, GLEN BEATTY, WAYNE TODD, JOHN ARMSTRONG, KIRK BASKO, WILLIAM BLANEY, COREY BRANDEBURA, JUSTIN BROWN, WILLIAM BURNS, DAVID CAPP, CHRISTIAN CLAYTON, DONALD DEWITT, TONY D'IGNAZIO, GLEN DUDICZ, ALAN DUNN, ROBERT ENGLISH, JIM FISHER, PATRICK FONTANA, SABLE GRIEDEL, CHAD HARRIS, JARED HERGENROEDER, ZACHARY HOHMAN, CHAD JENKINS, DAVID LEATHERS, STERLING LONG, KENNETH LUFFY, KEVIN MALONEY, GENE MARNELL, JEFFREY MARZOLE, HENTON MATHIS, JOH MCNALLY, MATTEW MEIER, HARRY POKORA, PATRICK POMFRET, JAMES POWERS, RANDY ROSAK, MATT STEFANYAK, LANCE TACIK, BRADLEY TINGLER, BEN TRANCHINI, GEORGE VEREB, JAMES WELLINGTON, WILLIAM WOLFE, BILL ZANE, WILLIAM PLANITZER, FREDERICK REED and JOHN RUNSKI, on behalf of themselves and others similarly situated, sue defendants West Penn Allegheny Health System, Inc. and Allegheny Health Network and state as follows:

**I.     PRELIMINARY STATEMENT**

1.     Defendants, who operate a large number of healthcare facilities in Western Pennsylvania, have failed to pay many of its employees the overtime wages they are owed.

2.     The representative plaintiffs work or have worked at Allegheny General Hospital and are members of the International Union of Operating Engineers, AFL-CIO, Local 95.

3.     For example, in July of 2023, representative plaintiff Richard Trainer received a regular hourly rate of pay $32.82.

4.     From that regular rate of pay of $32.82, Mr. Trainer contributed $5.10 of his hourly wage to his pension.

5.      After his pension contribution, Mr. Trainer netted $27.72 per hour before deduction of payroll taxes and other benefits.

6.      However, when Mr. Trainer worked overtime, defendants only paid him $41.58 per hour of overtime (prior to payroll tax and benefit deductions), which is 150% of $27.72. Mr. Trainer is entitled to an overtime hourly rate of $49.23, which is 150% of his regular rate of $32.82.

7.      Defendants began shorting the representative plaintiffs on overtime in or around December 2018.

## II.     PARTIES AND VENUE

8.      Representative plaintiff Richard Trainer is an adult individual who resides at 912 Holly Lynne Drive, Pittsburgh, PA 15236.

9.      Representative plaintiff Glen Beatty is an adult individual who resides at 1470 Alabama Avenue, Pittsburgh, PA 15216.

10.     Representative Wayne Todd is an adult individual who resides at 552 Arona Road, New Stanton, PA 15672.

11.     Representative plaintiffs JOHN ARMSTRONG, KIRK BASKO, WILLIAM BLANEY, COREY BRANDEBURA, JUSTIN BROWN, WILLIAM BURNS, DAVID CAPP, CHRISTIAN CLAYTON, DONALD DEWITT, TONY D'IGNAZIO, GLEN DUDICZ, ALAN DUNN, ROBERT ENGLISH, JIM FISHER, PATRICK FONTANA, SABLE GRIEDEL, CHAD HARRIS, JARED HERGENROEDER, ZACHARY HOHMAN, CHAD JENKINS, DAVID LEATHERS, STERLING LONG, KENNETH LUFFY, KEVIN MALONEY, GENE MARNELL, JEFFREY MARZOLE, HENTON MATHIS, JOH MCNALLY, MATTEW MEIER, HARRY POKORA, PATRICK POMFRET, JAMES POWERS, RANDY ROSAK,

MATT STEFANYAK, LANCE TACIK, BRADLEY TINGLER, BEN TRANCHINI, GEORGE VEREB, JAMES WELLINGTON, WILLIAM WOLFE, BILL ZANE, WILLIAM PLANITZER, FREDERICK REED and JOHN RUNSKI are also employees of defendants and are members of the International Union of Operating Engineers, AFL-CIO, Local 95. Their place of employment is located at 320 E. North Ave., Pittsburgh, PA 15212.

12. West Penn Allegheny Health System, Inc. is a Pennsylvania corporation headquartered at 120 Fifth Avenue, Suite 2900, Pittsburgh, PA 15222.

13. Allegheny Health Network is a Pennsylvania nonprofit entity headquartered at 120 Fifth Avenue, Suite 2900, Pittsburgh, PA 15222

14. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1367 and 1441 as defendants have removed this matter to this Court pursuant to the case involving questions of federal law.

### III. MATERIAL FACTS

15. The representative plaintiffs are members of the International Union of Operating Engineers, AFL-CIO, Local 95.

16. With one exception, during times relevant to this complaint, representative plaintiffs' union has had a collective bargaining agreement (a "CBA") with Allegheny General Hospital, which is one of the many healthcare facilities defendants maintain in western Pennsylvania.

17. Representative plaintiffs believe and therefore aver that there was no CBA in place from May 1, 2022 until June 23, 2022. During this time, the representative plaintiffs continued to work for defendants.

18. A copy of the most recent CBA is attached hereto as Exhibit "1".

19. The representative plaintiffs' regular hourly rate of pay is set forth in Appendix "C" to the CBA. Mr. Trainer, for example, was classified as "General Maintenance Mechanic, Painter" and was entitled to an hourly wage rate of $32.82 as of July 2023.

20. Under the most recent CBA, defendants contribute $1.60 per hour to plaintiffs' pension plan.[1]

21. In addition to the contributions made by defendants, the representative plaintiffs make contributions themselves to their pension plan. These employee contributions are effectuated as follows.

22. Each representative plaintiff signed an "AUTHORIZATION FOR PENSION DEFFERAL", an exemplar of which is attached as Exhibit "2". The form goes on to include the following language:

> ASSIGNMENT TO AND AUTHORIZATION TO DEDUCT AND SEND A PORTION OF MY COMPENSATION TO THE INTERNATIONAL UNION OF OPERATING ENGINEERS CENTRAL PENSION FUND.

Id.

23. The "AUTHORIZATION FOR PENSION DEFFERAL" explicitly states that employees are contributing their own wages to their pensions.

24. In addition, plaintiffs union would advise defendants of the amount of employee wages to be diverted to the pension. An exemplar of this instruction is attached hereto as Exhibit "3".

25. These instructions explicitly show that plaintiffs are contributing portions of their own wages to their pensions in addition to the contributions being made by the defendants.

---

[1] Under the previous CBA, the defendants' pension contribution was $1.50 per hour.

26. Prior to December 2018, when representative plaintiffs worked overtime, defendants paid them 150% of the regular hourly wage set forth in Appendix "C" of the CBA.

27. For reasons unknown to plaintiffs, sometime in December 2018, defendants ceased paying plaintiffs 150% of the rate set forth in Appendix "C" of the CBA. Instead, defendants began paying an overtime rate of 150% of the amount after deduction of plaintiff's personal contribution to their pension.

28. This change in practice did not coincide with any change(s) to the CBA in place at the time.

29. An exemplar paystub for Mr. Trainer is attached hereto as <u>Exhibit "4"</u>.

30. As shown in <u>Exhibit "4"</u>, defendants paid Mr. Trainer for a total of 88 hours. (While the top of the paystub denotes that Mr. Trainer worked a total of 78 hours, he was also paid two hours for health time off and eight hours in holiday pay.)

31. Under the CBA, defendants were to contribute a total of $140.80 (88 x $1.60) to Mr. Trainer's pension. This contribution is so reflected.

32. In addition, Mr. Trainer himself contributed $448.80 (88 x $5.10), which is also reflected on the paystub; however, it is inaccurately referred to as an "Employer Paid Benefit".

33. As a result, Mr. Trainer's July 2023 paystub shows a rate of $27.72. When Mr. Trainer's pension contribution of $5.10 per hour is added to rate of $27.72, his rate of compensation becomes $32.82 per hour for regular hours worked.

34. In other words, when overtime is not involved, defendants are paying Mr. Trainer (as well as the other representative plaintiffs) the correct amount of compensation.

35. However, review of the paystub also shows the following two entries:

| Description | Dates | Hours | Rate | Amount |
|---|---|---|---|---|
| OT Straight (1x) | 07/09/2023-07/15/2023 | 8 | 27.72 | 221.76 |
| OT – FLSA Premium | 07/09/2023 – 07/15/2023 | 8 | 13.86 | 110.88 |

Exhibit "4".

36. This shows that defendants do not include Mr. Trainer's pension contribution of $5.10 per hour in the amount from which his overtime pay is based.

37. The defendants have handled the representative plaintiffs' pension contributions in this fashion since or around December 2018.

38. Defendants have treated all of the representative plaintiffs named herein in an identical fashion as they have treated Mr. Trainer since or around December 2018 as well. The exception would be that some representative plaintiffs have retired and are no longer working at the present time.

39. Defendants' underpaying of overtime has also adversely affected the amount representative plaintiffs can expect to receive in the form of Social Security Retirement Benefits.

40. Plaintiffs believe and therefore aver that defendants' failure to pay appropriate overtime wages involves not just all members of International Union of Operating Engineers, AFL-CIO, Local 95, but all non-managerial employees who have pensions and/or other assignments diverted from their hourly wage.

### IV.   CLASS ACTION ALLEGATIONS

41. Description of the Class and Sub-Classes: Representative plaintiffs bring this Class action on behalf of themselves and a Class defined as follows:

> All natural persons employed by defendants in a non-managerial capacity who are eligible for and have received overtime pay and have also had benefit contributions and/or other assignments diverted from their hourly wage.

42. In the alternative, representative plaintiffs bring this action on behalf of themselves and a <u>Sub-Class</u> defined as follows:

> All natural persons employed by defendants in a non-managerial capacity who are eligible for and have received overtime pay and have also had pension contributions diverted from their hourly wage.

43. Excluded from the Class and Sub-Class are Defendants' officers, directors, affiliates, legal representatives, employees, successors, subsidiaries, and assigns. Also excluded from the Class and Sub-Class is any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

44. <u>Numerosity</u>: The proposed Class and Sub-Class are so numerous that individual joinder of all members is impracticable.

45. <u>Common Questions of Law and Fact Predominate</u>: There are many questions of law and fact common to the representative Plaintiffs and the Class and Sub-Class, and those questions substantially predominate over any questions that may affect individual Class and Sub-Class members. Common questions of fact and law include:

    (a) whether defendants failed to pay appropriate overtime wages to their employees;

    (b) whether defendants violated Pennsylvania's Wage Payment and Collection Law, 43 P.S. § 260.1, *et seq.*;

    (c) whether defendants violated the Pennsylvania Minimum Wage Act, 43 P.S. §§ 333.101. *et seq.*;

    (d) whether defendants violated the Fair Labor Standards Act of 1938; and

  (e)  should the running of the statute of limitations for the claims of the Class and/or Sub-Class claims be equitably tolled.

46. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the Class and Sub-Class. Plaintiff and all members of the Class and Sub-Class have been similarly affected by illegal and bad faith tactics employed by the Defendant.

47. <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately represent and protect the interests of the Class and Sub-Class. Plaintiff has retained counsel with experience in prosecuting complex and Class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the Class and Sub-Class and have the financial resources to do so.

48. <u>Superiority of Class Action</u>: Plaintiff and the members of the Class and Sub-Class suffered, and will continue to suffer, harm as a result of Defendants' unlawful and wrongful conduct. A Class action is superior to other available methods for the fair and efficient adjudication of the present controversy. Individual joinder of all members of the Class and Sub-Class is impractical. Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendants' common course of conduct. The Class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all Class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the Class members.

## Count 1 – Violation of the Wage Payment and Collection Law (the "WPCL"), 43 P.S. §260.1 *et seq.*

49. The foregoing paragraphs are incorporated herein as if set forth at length.

50. From in or around December 2018, defendants failed to pay the Class and Sub-Class their full amount of overtime wages.

51. Pursuant to the WPCL the full amount of overtime pay is due and payable by Defendants to Plaintiffs, the Class and Sub-Class on regular paydays.

52. Defendants were made aware of this error in or around January of 2019 yet failed to correct the same. As such, plaintiffs believe and therefore aver that defendant's failure to pay appropriate overtime was willful.

### PRAYER FOR RELIEF

WHEREFORE, representative plaintiffs respectfully request this Court to grant the following relief in excess of $50,000.00, exclusive of interests and costs:

a. Award representative plaintiffs, the Class and/or the Sub-Class all wages due, as well as liquidated damages in the amount of one hundred percent of the paid wages, interest, including the employer's share of FICA, FUTA, state unemployment insurance, any other required employment taxes;

b. Declare defendants' conduct to be in violation of the of the WPCL;

c. Such equitable relief as may be appropriate under the circumstances; and

d. An award of reasonable attorneys' fees and costs as permitted by the Act.

**Count 2 – Violation of the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. § 201, et seq.**

53. The foregoing paragraphs are incorporated herein as if set forth at length.

54. Under the FLSA and supporting regulations, the contributions made by the representative plaintiffs to their pension are to be included in their "regular rate".

55. From in or around December of 2018, defendants failed to include these contributions in the representative plaintiff's "regular rate" and, as a result, defendants have failed to pay the Class and Sub-Class their full amount of overtime wages.

56. Defendants were made aware of this error in or around January of 2019 yet failed to correct the same. As such, plaintiffs believe and therefore aver that defendant's failure to pay appropriate overtime was willful.

57. Pursuant to the Fair Labor Standards Act of 1938 (the "FLSA") the full amount of overtime pay is due and payable by Defendants to Plaintiffs, the Class and Sub-Class on regular paydays.

**PRAYER FOR RELIEF**

WHEREFORE, representative plaintiffs respectfully request this Court to grant the following relief in excess of $50,000.00, exclusive of interests and costs:

e. Award Plaintiff, the Class and/or the Sub-Class all wages due, as well as liquidated damages in the amount of one hundred percent of the paid wages, interest, including the employer's share of FICA, FUTA, state unemployment insurance, any other required employment taxes;

f. Declare Defendant's conduct to be in violation of the of the FLSA;

g. Such equitable relief as may be appropriate under the circumstances; and

    h. An award of reasonable attorneys' fees and costs as permitted by the FLSA.

### Count 3 – Violation of the Pennsylvania Minimum Wage Act (the "PMWA"), 43 P.S. §333.101, *et seq.*

58. The foregoing paragraphs are incorporated herein as if set forth at length.

59. From in or around 2019, defendants failed to pay the Class and Sub-Class their full amount of overtime wages.

60. Pursuant to the PMWA the full amount of overtime pay is due and payable by Defendants to Plaintiffs, the Class and Sub-Class on regular paydays.

61. Defendants were made aware of this error in or around January of 2019 yet failed to correct the same. As such, plaintiffs believe and therefore aver that defendant's failure to pay appropriate overtime was willful.

### PRAYER FOR RELIEF

WHEREFORE, representative plaintiffs respectfully request this Court to grant the following relief in excess of $50,000.00, exclusive of interests and costs:

    i. Award representative plaintiffs, the Class and/or the Sub-Class all wages due, as well as liquidated damages in the amount of one hundred percent of the paid wages, interest, including the employer's share of FICA, FUTA, state unemployment insurance, any other required employment taxes;

    j. Declare defendants' conduct to be in violation of the of the PMWA;

    k. Such equitable relief as may be appropriate under the circumstances; and

    l. An award of reasonable attorneys' fees and costs as permitted by the Act.

**JURY TRIAL DEMANDED AS TO ALL COUNTS**

/s/                                                          Respectfully submitted,

**PRAETORIAN LAW GROUP, LLC**


_____  /s/ David M. Kobylinski_____
David M. Kobylinski, Esquire

*Counsel for Plaintiff*

November 7 2023